NOTE.—Syllabus by the court.

---

## North Strabane Township's Tax Collector.

*Public officers—Tax collector—Appointment—Statutes—Repeal—Repeal by implication—Acts of May 17, 1917, and July 14, 1917.*

1. Under the General Township Act of July 14, 1917, § 183, P. L. 840, 861, the Court of Quarter Sessions has the power to fill a vacancy in the office of tax collector.

2. The Act of May 17, 1917, P. L. 221, which vested the power in the county commissioners, is repealed by implication by the Act of July 14, 1917, P. L. 840, 861, inasmuch as the two acts are wholly inconsistent.

3. The legislature had no power to provide, as it did in section 1501 of the Act of July 14, 1917, P. L. 840, 998, that "this act shall not repeal" any other act then in force, if the act was wholly inconsistent with an earlier act.

Rule to set aside and vacate an appointment to fill the office of tax collector. Q. S. Washington Co., Feb. T., 1921, No. 228.

*Howard W. Hughes*, County Solicitor, for rule; *Erwin Cummins*, contra.

McILVAINE, P. J., April 22, 1921.—An Act of Assembly approved May 17, 1917, P. L. 221, provides as follows: "If any vacancy shall occur in the office of tax collector . . . of any township . . .; or if any other vacancy shall occur by death, resignation or otherwise, . . . the county commissioners of the county in which such vacancy exists shall fill such office by appointing a suitable person resident of the district in which such vacancy exists. . . ."

An Act of Assembly approved July 14, 1917, § 183, P. L. 840, provides: "If the electors of any township of the second class shall fail to choose a tax collector, . . . or if a vacancy shall occur in the office by death, . . . the Court

of Quarter Sessions shall, upon presentation of a petition of any citizen who is a resident of the township, setting forth the facts, appoint a person to fill the vacancy for the unexpired term of the person whose place he is appointed to fill."

The court, acting under the provisions of the last named act, appointed W. P. McConnell tax collector for North Strabane Township to fill an existing vacancy. The county commissioners, acting under the first named act, appointed D. W. Templeton to fill the same vacancy. The solicitor for the county commissioners now asks the court, upon the rule herein granted, to vacate the appointment that it made, to the end that the appointment made by the county commissioners may stand as the valid and legal appointment.

Section 183 of the Act approved July 14, 1917, P. L. 840, is part of "An act concerning townships, and revising, amending and consolidating the law relating thereto;" which act is generally known and cited as "The General Township Act." That township code thus enacted has twenty-two chapters. The last chapter is designated "Acts of the General Assembly Repealed." After specifically repealing a great number of acts specifically designated, section 1501 provides: "All other acts and parts of acts inconsistent with this act are repealed." And then provides: "This act shall not repeal or modify any of the provisions of any act of assembly amendatory of law in force at the time of the passage of this act, or otherwise adopted at the session of the General Assembly of 1917, whether such acts were adopted prior to the passage of this act or shall be adopted subsequent to the passage of this act."

What effect, if any, does section 1501 of the General Township Act have upon the Act of Assembly approved May 17, 1917, and upon the 183rd section of the Act approved July 14, 1917? Or, to state the question in another way, does section 1501 repeal section 183 of the act of which it is a part? In other words, must this court so construe this act of assembly as to put the legislature in the position of making a law and repealing it in the same act of assembly? We think not. And, therefore, such interpretation of section 1501 must be sought as not to involve the legislature in such a glaring inconsistency. We must remember that the last chapter of the code act was devoted to specific repeals of specific acts of assembly, and all that that part of section 1501 is intended to assert is that the legislature in that chapter did not intend to specifically repeal any act that had previously been passed by that same legislature, or that might be passed after the General Township Act was passed. That, therefore, would leave both the Act of May 17, 1917, P. L. 221, and the 183rd section of the Act of Assembly approved July 14, 1917, P. L. 840, on the statute book, and the question which one should prevail would be a matter for the courts of the State to determine. This being the case, we are of opinion, and were at the time we made the appointment that is now sought to be annulled, that the act of assembly last passed is the one that should be observed in making appointments to vacancies in the office of township tax collector, and not the former act. The same power in these two acts is given to different bodies, and they are wholly inconsistent, and being wholly inconsistent, we think that the former act, although it is not expressly repealed by section 1501, yet it is repealed by implication, and that it was not in the power of the Legislature of 1917 to say that the courts should not find that the former act was so repealed by implication.

And now, April 22, 1921, this rule came on to be heard, and was argued by counsel; whereupon it is ordered, adjudged and decreed that the same be discharged, at the cost of Washington County.

From Harry D. Hamilton, Washington, Pa.